



# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Patrice M. Pugh and Kevin Pugh<br><br>Plaintiffs,<br><br>v.<br><br>NVE Pharmaceuticals, Inc. and General Nutrition Centers, Inc.<br><br>Defendants. | CASE 05C 7173<br>JUDGE GOTTSCHALL<br><br>In Re Ephedra Litigation<br><br>MAGISTRATE JUDGE ASHMAN<br>COMPLAINT |

## COMPLAINT

Now comes the plaintiff, Patrice M. Pugh, hereinafter "Plaintiff," by and through her attorney, Michael P. Cascino of VAUGHAN CASCINO LAW OFFICES, LTD., and complains of NVE Pharmaceuticals, Inc. and General Nutrition Centers, Inc., hereinafter "Defendants", as follows:

### JURISDICTION

1. Plaintiff Patrice M. Pugh is an adult citizen and resident of Cook County, Illinois. Plaintiffs lives in Richton Park.

2. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing and selling ephedra and/or ephedra-containing products, hereinafter referred to as "ephedra products." Defendant General Nutrition Centers, Inc. is a Pennsylvania corporation. Defendant NVE Pharmaceuticals, Inc. is a New Jersey corporation.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6. Plaintiff, purchased and consumed ephedra products which were sold, manufactured, distributed, packaged, or otherwise placed into commerce by defendants.

7. Plaintiff was ignorant of the dangerous nature of ephedra and of the nature of the risks incurred by ingesting ephedra containing products.

8. Plaintiff discovered that ephedra could cause pulmonary hypertension in October of 2005. Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. On April 12, 2004, the Food and Drug Administration ordered ephedra to be taken off the market.

10. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and was diagnosed as having Pulmonary Hypertension.

11. Plaintiff has suffered great pain, physical impairment, mental pain and anguish, losses to her personal property and possessions, and fear of death.

## COUNT I

## PRODUCTS LIABILITY - NEGLIGENCE

12. It was reasonably foreseeable by Defendants that Plaintiff and other consumers would be ingesting Defendants' ephedra products.

13. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who were using Defendants' ephedra products.

14. Prior to, during, and after the time Defendants manufactured, produced, processed, packaged, designed, distributed, and/or shipped the ephedra products to which Plaintiff digested, Defendants

knew, or in the exercise of ordinary or reasonable care ought to have known, that exposure to their ephedra products caused disease and/or death.

15. Notwithstanding the aforementioned duty, Defendants, and each of them, were negligent by one or more of the following acts or omissions in that they:

    a. Failed to adequately warn Plaintiff and/or others of the health hazards concerned with ingestion of ephedra;

    b. Failed to recommend and/or provide proper cautions and warnings, to ensure Plaintiff's and/or other's safety;

    c. Failed to warn Plaintiff and/or others of the danger and harm from consumption of ephedra.

    d. Failed to investigate the health effects of ephedra prior to distribution and sale; Inadequately investigated the health hazards associated with use of ephedra.

    e. Failed to instruct Plaintiff, and/or others in the use of precautionary measures relating to ephedra-containing products.

16. As a direct and proximate result of these negligent acts and/or omissions of Defendants, Plaintiff endured suffering and injuries set forth in paragraph 10.

## COUNT II
## PRODUCT LIABILITY
## (UNREASONABLY DANGEROUS PRODUCT)

17. This claim is asserted against all defendants.
18. Plaintiff restates and realleges the allegations set forth in paragraphs 1-16 above.
19. Defendants are in the business of selling ephedra products.
20. Defendants placed their ephedra products into the stream of commerce with the expectation that they would reach plaintiff and other users and consumers without substantial change in the condition they were in when they left the possession or control of defendants.
21. Plaintiff purchased and ingested the defendants' ephedra products in the condition in which they said ephedra products left the possession or control of such defendants.

22. Defendants' ephedra products were defective and unreasonably dangerous at the time they left the possession or control of defendants in one or more of the following ways:

   a. Failed to adequately warn decedent or others of the health hazards of ephedra;

   b. Failed to instruct plaintiff, or others in the use of precautionary measures relating to ephedra products;

   d. Failed to warn plaintiff or others of the danger of ingestion of ephedra and/or

   e. Manufactured, supplied, or distributed unsafe ephedra-containing products, which could have been manufactured and sold without ephedra in the product.

23. As a direct and proximate result of the acts and omissions of the defendants, plaintiff was injured as described above.

## COUNT III

## PUNITIVE DAMAGES

24. Defendant herein, its agents, servants and employees acted maliciously, with willful and wanton disregard for the rights of Plaintiff and otherwise engaged in outrageous conduct toward the Plaintiff by failing to warn and/or producing, distributing and encouraging the use of ephedra products which Defendants knew were certain to cause grave personal injury and/or death resulting in suffering and damages incurred by Plaintiff. Such conduct entitles Plaintiff to recover punitive damages from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Judgement against Defendants, jointly and severally, for compensatory and general damages in excess of $75,000 plus costs.

2. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated this 22 day of December, 2005.

_____
One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
VAUGHAN CASCINO LAW OFFICES, LTD.
220 South Ashland Avenue
Chicago, Illinois 60607
312-944-0600
312-944-1870 fax